person, puts the onus on the defendant of explaining where, how, and from whom he got the liquor (*Grant* v. *State*, 87 *Ga.* 265 [13 S. E. 554]) ; and if the explanation offered by him is supported only by his own statement, the jury, if they believe it to be a mere subterfuge to cover an illegal sale by himself, are authorized to find him guilty. *White* v. *State*, 93 *Ga.* 47 (19 S. E. 49) ; *Mack* v. *State*, 116 *Ga.* 546 (42 S. E. 776). "This burden would be successfully carried by the accused if, in corroboration of his own statement, he proved by an un-impeached witness that he had in fact bought the whisky from an-other person and paid him for it." *Bray* v. *Commerce*, 5 *Ga. App.* 605 (63 S. E. 596).

(a) The defendant's statement does not itself clearly establish his agency for the buyer, since he does not assert that he paid to the party from whom he obtained the whisky all or any of the money entrusted to him by the buyer, and does not assert that he acted solely for the buyer, or negative the reasonable inference that he was likewise agent for the seller and received a commission on the sale. The testimony of a wit-ness for the State which is relied upon to establish the fact that the defendant procured the whisky from another person does not show that he "in fact *bought* the whisky from another person and paid him for it." *Bray* v. *Commerce*, supra. He failed to corroborate his statement by unimpeached testimony showing how he obtained the whisky (*King* v. *Hazlehurst*, 16 *Ga. App.* 335, 337, 85 S. E. 271), and the jury were authorized to infer that the explanation was a mere subterfuge, es-pecially since the explanation itself was incomplete.

2. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 1, 1916.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall. February 22, 1916.

*H. H. Burns, J. O. Newell,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

---

### 7349. EISON v. THE STATE.

WADE, J. 1. It is complained that the court erred in charging the jury as follows: "The defendant entered upon the trial of the case with the presumption of his innocence in his favor, and that presumption remains with him until his guilt is established to your satisfaction; that is, until you twelve gentlemen, when you go into the room to determine this case, unanimously reach the conclusion that he is guilty. It is to be treated by you, in reaching that conclusion, as equivalent to sufficient evidence to make a prima facie case of his innocence, or, to speak of it otherwise, it is a presumption in his favor, which must be overcome by evidence which satisfies your minds of his guilt." Error

is assigned on this charge because the court did not instruct the jury "that it was necessary for the prosecution to show the defendant's guilt beyond a reasonable doubt, and that his guilt must appear in that way." Considering this excerpt alone and not in connection with the entire charge of the court, it is undoubtedly an incorrect statement of the law, but when it is considered with its context the exception to it is not well taken, since the instruction complained of was immediately followed by an instruction that "The burden of proof is upon the State to establish his guilt by proof of the material allegations in the indictment to a moral and reasonable certainty, and beyond a reasonable doubt, before [the jury] will be authorized under the law to convict him;" and this instruction must be considered as qualifying what immediately precedes it. The case of *Atlantic Coast Line R. Co.* v. *Canty*, 12 *Ga. App.* 411 (77 S. E. 659), and similar cases are not in point.

2. There is no substantial merit in the only remaining special exception, the evidence fully authorized the verdict, and the court did not err in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED MAY 1, 1916.

Indictment for wife beating; from Cobb superior court—Judge Patterson. February 26, 1916.

*George F. Gober, W. I. Heyward, G. B. Walker,* for plaintiff in error. *Herbert Clay, solicitor-general,* contra.

---

6687.   SOUTHERN COTTON OIL CO. *v.* TAYLOR *et al.*

RUSSELL, C. J.   1. A motion to open or vacate a judgment during the term at which it was rendered is addressed to the discretion of the court, and this discretion will not be controlled, unless manifestly abused. *Aiken* v. *Wolfe*, 76 *Ga.* 816; *Wells* v. *Butler Supply Co.*, 128 *Ga.* 37-40 (57 S. E. 55), and citations. "Courts of record retain full control over orders and judgments during the term at which they were made, and in the exercise of a sound discretion may revise or vacate the same." *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823). Orders and judgments are in the breast of the court during the term at which they are made or rendered, and, for the purpose of modifying or vacating them, the whole term may be considered as a single day. *Jordan* v. *Tarver*, 92 *Ga.* 379 (17 S. E. 351).

2. "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularties not appearing on the face of the record." *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640 (50 S. E. 483).

3. Where there was evidence, satisfactory to the trial court, that the case had not been placed upon the trial calendar or assigned for trial in